UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JASON ZAVODSKY,

                    Petitioner,                    Case No. 1:12-cv-451

v.                                        Honorable Robert Holmes Bell

MARY BERGHUIS,

                    Respondent.
_____/

## **OPINION**

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Factual Allegations**

Petitioner presently is incarcerated at the West Shoreline Correctional Facility.  After a jury trial, Petitioner was convicted in Wayne County Circuit Court of two counts of aggravated stalking, MICH. COMP. LAWS § 750.411i, and one count of breaking and entering with the intent to commit a felony, MICH. COMP. LAWS § 750.110.  The trial court merged the two stalking convictions before sentencing.  Defendant was also charged with kidnapping, MICH. COMP. LAWS § 750.349, felonious assault, MICH. COMP. LAWS § 750.82, and possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b.  The jury found Petitioner not guilty of felonious assault and felony-firearm, but deadlocked on the kidnapping charge. *See People v. Zavodsky*, No. 254995, 2005 WL 3050320, at *1 (Mich. Ct. App. Nov. 15, 2005).

On March 4, 2004, the trial court sentenced Petitioner to serve prison terms of six to ten years for breaking and entering and three to five years for aggravated stalking.  On July 21, 2004, Petitioner pleaded guilty in the Wayne County Circuit Court to kidnapping and received a sentence of six to ten years' imprisonment.  Petitioner, however, does not contest his convictions and sentences.  Rather, he seeks to be released on parole.

On September 8, 2009, the Michigan Parole Board granted Petitioner parole.  Petitioner's parole was to be effective on December 7, 2009.  On October 7, 2009, however, the Wayne County Assistant Prosecutor requested that the Michigan Parole Board reconsider and revoke Petitioner's parole.  On November 19, 2009, the parole board suspended Petitioner's parole to consider other information. The Michigan Parole Board ultimately rescinded Petitioner's parole on December 18, 2009.

In his application for habeas corpus relief, Petitioner raises the following two grounds:

I.     PETITIONER'S DUE PROCESS RIGHTS WERE VIOLATED WHEN THE PROSECUTOR CIRCUMVENTED THE STATU[T]E AND COURT RULE THAT GOVERN APPEALS OF A PAROLE BOARD['s] DECISION.

II.    THE MICHIGAN PAROLE BOARD VIOLATED PETITIONER'S DUE PROCESS RIGHTS, PURSUANT TO MICH. COMP. LAWS § 791.236(2) WHEN IT SUSPENDED AND RESCINDED HIS PAROLE WITHOUT CAUSE OR NEW INFORMATION.

(Pet., docket #1, Page ID##2, 3.)

## Discussion

In his two grounds for habeas corpus relief, Petitioner claims that the Michigan Parole Board wrongly suspended and rescinded his parole in violation of his Fourteenth Amendment rights and the prosecutor failed to follow the Michigan statutes and court rules to appeal the Michigan Parole Board's decision.

Under § 2254, the Court may grant relief to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. The Michigan Parole Board's decision to suspend and rescind Petitioner's early release on parole does not, in itself, implicate a federal right. To establish a procedural due process violation, a plaintiff must prove that (1) he was deprived of a protected liberty or property interest, and (2) such deprivation occurred without the requisite due process of law. *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby*, 470 F.3d 286, 296 (6th Cir. 2006); *see also Swihart v. Wilkinson,* 209 F. App'x 456, 458 (6th Cir. 2006). Plaintiff fails to raise a claim of constitutional magnitude because he has no liberty interest in being released on parole. There is no constitutional or inherent right to

be conditionally released before the expiration of a prison sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Although a state may establish a parole system, it has no duty to do so; thus, the presence of a parole system by itself does not give rise to a constitutionally protected liberty interest in parole release. *Id.* at 7, 11; *Bd. of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Rather, a liberty interest is present only if state law entitles an inmate to release on parole. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

In *Sweeton v. Brown*, 27 F.3d 1162, 1164-165 (6th Cir. 1994) (en banc), the Sixth Circuit, noting "the broad powers of the Michigan authorities to deny parole," held that the Michigan system does not create a liberty interest in parole. In a recent published decision, the Sixth Circuit reiterated the continuing validity of *Sweeton*. *See Crump v. Lafler*, 657 F.3d 393, 404 (6th Cir. 2011). In *Crump*, the court held that the adoption of specific parole guidelines since *Sweeton* does not lead to the conclusion that parole release is mandated upon reaching a high probability of parole. *See id.*; *see also Carnes v. Engler*, 76 F. App'x 79, 80 (6th Cir. 2003). In addition, the Sixth Circuit has rejected the argument that the Due Process Clause is implicated when changes to parole procedures and practices have resulted in incarcerations that exceed the subjective expectation of the sentencing judge. *See Foster v. Booker*, 595 F.3d 353, 369 (6th Cir. 2010). Finally, the Michigan Supreme Court has recognized that there exists no liberty interest in parole under the Michigan system. *Glover v. Mich. Parole Bd.*, 596 N.W.2d 598, 603-04 (Mich. 1999).

Moreover, the mere fact that the Michigan Parole Board initially recommended granting parole to Petitioner did not create an enforceable liberty interest in release on parole. In *Jago v. Van Curen*, 454 U.S. 14 (1981), the Supreme Court held that the Ohio Adult Parole Authority's decision to rescind its earlier decision to grant the respondent parole on or after a

specified date did not constitute a deprivation of "liberty" within the meaning of that term as used in the Due Process Clause, in light of the fact that Ohio law created no protected liberty interest in respondent's release on parole. *Id.* at 17. Because Michigan prisoners have no liberty interest in being released on parole, the Michigan Parole Board's decision to rescind Petitioner's early grant of parole does not state a claim upon which habeas relief can be granted. *See Aldred v. Birkett,* No. 2:11-cv-14925, 2011 WL 5975282, at *2 (E.D. Mich. Nov. 28, 2011) (finding petitioner did not have a liberty interest in the Michigan Parole Board's decision to grant him early release on parole that was later overturned by the trial court); *see also Poor v. Sandford,* No. 07-12335, 2008 WL 363371, at *3 (E.D. Mich. Feb. 11, 2008) (holding that the petitioner did not have a liberty interest in his early parole release date when the Michigan Parole Board delayed his release for about six months); *Hughes v. White*, No. Civ. 02-CV-73957-DT, 2003 WL 21911216, at *4 (E.D. Mich. July 30, 2003) (finding that the prisoner had no liberty interest in his parole after the Michigan Parole Board decided to parole him but later rescinded that decision).

Until Plaintiff has served his 10-year maximum sentence, he has no reasonable expectation of release. The discretionary parole system in Michigan holds out "no more than a mere hope that the benefit will be obtained." *Greenholtz*, 442 U.S. at 11. The Michigan Parole Board's decision to rescind Plaintiff's parole, therefore, implicates no federal right. In the absence of a liberty interest, Plaintiff fails to state a claim for a violation of his procedural due process rights.

To the extent Petitioner argues that the prosecutor failed to properly appeal the Michigan Parole Board's decision in accordance with MICH. COMP. LAWS § 791.234(11) and MICH. CT. R. 7.104(D)(5), he also fails to establish a violation of his constitutional rights. The extraordinary remedy of habeas corpus lies only for a violation of the Constitution. 28 U.S.C.

§ 2254(a).  A habeas petition must "state facts that point to a 'real possibility of constitutional error.'" *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (quoting Advisory Committee Notes on Rule 4, RULES GOVERNING HABEAS CORPUS CASES).  The federal courts have no power to intervene on the basis of a perceived error of state law.  *Wilson v. Corcoran*, 131 S. Ct. 13, 14 (2010); *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Pulley v. Harris*, 465 U.S. 37, 41 (1984).  Accordingly, Petitioner is not entitled to habeas relief on his state law claims.

### Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

### Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service.  It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted.  *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service

under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated: June 6, 2012                           /s/ Robert Holmes Bell
                                              ROBERT HOLMES BELL
                                              UNITED STATES DISTRICT JUDGE